UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-00080-GNS

JESSICA MASSIMINO                                                                                                      PLAINTIFF

v.

KNOX HILLS LLC, and
ACTUS LEND LEASE, INC.
                                                                                                                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (DN 24). For the reasons stated below, the motion is **GRANTED.**

### I.     BACKGROUND

This action is brought to recover monetary damages under Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. §§ 3901-4043, as a result of being removed from her apartment by Defendant Actus Lend Lease, Inc. ("Actus") sometime after February 4, 2013. (Compl. 3; DN 1; Defs.' Mem. in Supp. of Mot. to Dismiss or, in the Alternative Mot. for Summ. J. 2, DN 24-1 [hereinafter Defs.' Mot.]). Plaintiff entered into a lease agreement with Actus on February 7, 2011. (Defs.' Mot. 2). Plaintiff's apartment was sold, and her household goods were removed after February 19, 2013.

Plaintiff filed her Complaint on January 22, 2015. (Compl.). Defendants filed their Motion to Dismiss on July 24, 2015.[1] (Defs.' Mot.).

## II. JURISDICTION

The Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1331 as this case arises under the laws of the United States.

## III. STANDARD OF REVIEW

In order to survive dismissal for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Id*. (internal quotation marks omitted) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (citation omitted).

---

[1] Plaintiff's former counsel withdrew on December 3, 2015, and the Court directed that Plaintiff had until December 18, 2015, to secure replacement counsel. (Order 1, DN 32). The Court ordered Plaintiff be listed as *pro se* and that Plaintiff be required to file a response within fifteen days of the Court's Order. (Order 1, DN 33). Plaintiff has failed to do so, and the Court therefore only considers Defendants' motion.

## IV. DISCUSSION

The Defendants move for dismissal on three grounds. First, Defendants claim Plaintiff is not entitled to protection under the SCRA. (Defs.' Mot. 5). Second, the Defendants claim Plaintiff is required to arbitrate any disputes under the lease agreement. (Defs.' Mot. 8). Third, Defendants claim that Actus has never entered into an agreement with Plaintiff and therefore cannot be liable. (Defs.' Mot. 9). The Court considers each argument in turn.

The Court must first consider whether Plaintiff plausibly has a claim under the SCRA. Plaintiff alleges she was "evicted by Defendants. . . in violation of SCRA U.S.C. App. § 531(a)." (Compl. ¶ 16). To eli

Protection under this statute specifically requires that Plaintiff was partaking in "military service" at the time of eviction. 50 U.S.C. § 3951(A) (formerly 50 App. U.S.C. § 531 (A)). The record reflects that Plaintiff was absent without leave ("AWOL") from military service beginning February 4, 2013. (Defs.' Mot. Ex. 2, at 1, DN 24-3). Further, she was effectively removed from her apartment on February 19, 2013. (Defs.' Mot. 2). Therefore, the only question before the Court is if Plaintiff was engaged in military service despite being AWOL from military service. As used in the SCRA, the term "military service" is defined as "'Federal service on active duty,' and 'active duty' is defined as including 'the period during which a person in military service is absent from duty on account of sickness, wounds, leave, or other lawful cause.'" *United States v. Hampshire*, 95 F.3d 999, 1005 (10th Cir. 1996) (citing 50 U.S.C. app. § 511(1)). AWOL status removes the "active duty" and thus "military service" designation from a service member. *Hampshire*, 95 F.3d at 1005. Since it is uncontested that Plaintiff was AWOL at the time of her removal from the apartment, the protections of the SCRA do not apply. Therefore, Plaintiff has not stated a valid claim under the SCRA.

Plaintiff's claim must also be dismissed because Plaintiff failed to submit this matter to arbitration prior to filing her Complaint with this Court. Arbitration provisions are plainly enforceable under both federal and Kentucky law. 9 U.S.C. § 2; KRS 417.050. Further, the Supreme Court has held that arbitration clauses should be interpreted in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) ("[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.").

In this case, the lease agreement contains an arbitration clause which requires all disputes to be resolved by "mediation and/or binding arbitration." (Def.'s Mot. Ex. 1, at 4, DN 24-2). Plaintiff has made no claim this occurred prior to filing her Complaint. Therefore, any claims Plaintiff asserts pursuant to an alleged violation of the lease agreement are dismissed. Further, as both of Plaintiff's claims are dismissed, any further arguments regarding Actus's involvement in this case are moot.

## V.     CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (DN 24) is **GRANTED.**

**Greg N. Stivers, Judge**
**United States District Court**
February 29, 2016

cc:     counsel of record